**The document below is hereby signed. Dated: July 20, 2011.**



_____
**S. Martin Teel, Jr.
U.S. Bankruptcy Judge**

```
              UNITED STATES BANKRUPTCY COURT
               FOR THE DISTRICT OF COLUMBIA

In re                         )
                              )
KATHLEEN M. BAKER,            )   Case No. 11-00043
                              )   (Chapter 13)
          Debtor.             )   Not for Publication in
                              )   West's Bankruptcy Reporter
```

MEMORANDUM DECISION AND ORDER
RE OBJECTION TO CLAIM OF U.S. BANK N.A.

A proof of claim based on a motor vehicle lease often is a source of confusion in light of the dense language of the lease and the lack of clear presentation by the lessor of precisely how it calculates its claim. This case is no exception.

I

The debtor has objected to the claim of U.S. Bank N.A. Although the debtor mailed by regular mail a copy of the objection to the creditor at the address for notices listed on its proof of claim, the debtor failed to make service on the creditor in compliance with Fed. R. Bankr. P. 7004(h). Accordingly, I will dismiss the objection without prejudice to renewal. Nevertheless, I note below the confusion presented by U.S. Bank N.A.'s proof of claim.

II

The proof of claim of U.S. Bank N.A. asserts that $13,617.36 was owed on the petition date, describing the claim as "estimated **deficiency balance** (to be amended when vehicle is sold)." [Emphasis added.] The debtor objects to the claim. Apparently based on the creditor's use of the term "deficiency balance," she asserts that she owes that creditor nothing, stating:

> The collateral was a vehicle she leased from the creditor, which she surrender[ed] to the creditor at the end of the lease. Since this was a lease rather than a purchase loan, the creditor is not entitled to recover a deficiency claim from selling the vehicle at the end of the debtor's lease.

The lease called for monthly payments through May 1, 2011. If the debtor made all of her payments, the proof of claim fails to explain how the creditor asserts that some amount is nevertheless owed to it. The proof of claim attaches an account statement that fails to show a history of payments, and instead lists a series of charges that are of no help in attempting to determine how the creditor arrived at its claim. The account statement lists:

```
4/01/11    Additional Chrg Off      13617.36
3/30/11    LEA CHGOFF UNEARNED          67.29
3/30/11    3X SALES TAX AMOUNT         111.74
3/30/11    19 INTEREST AMOUNT          142.73
3/30/11    BACKOUT ASSOC. COSTS         25.00-
3/30/11    BACKOUT CHG OFF AMT      13828.38-
03/08/11   105 LATE FEES                25.00
0/00/00    TRANSFERRED LOSS AMOUNT  13828.38
```

The lease agreement provides no Rosetta Stone for deciphering

2

this account statement.  Without some explanation of its meaning and how the amounts were arrived at, the account statement provides no assistance to the court in evaluating the claim.

The lease agreement called for a termination at the end of the forty-eight month lease term.  Even in the case of a Scheduled Termination (versus an Early Termination), the lease agreement provided for a $395.00 Termination Fee, for payment of amounts owed for Excess Wear or Excess Mileage, and for any "official fees and taxes due in connection with Lease termination." (Lease ¶ 21).  The proof of claim, however, gives no indication that any of these amounts remain unpaid.

The lease also called for various charges if there were an Early Termination.  If at least 76% of the months in the lease term had expired, only one base monthly payment of $558.71 would be owed as an Early Termination Administrative Charge.  Various other charges would also be owed for an Early Termination, with the only charge that may be significant being the requirement to pay an amount equal to the Residual Value of the Vehicle less the Realized Value of the Vehicle.  (Lease ¶ 22(C)).  The Residual Value of the Vehicle was set at the outset of the lease as "[t]he value of the Vehicle at the end of the Lease used in calculating your Base Monthly Payment" in the amount of $12,152.25.  The Realized Value was an amount to be fixed as the wholesale value of the vehicle, using various approaches at the discretion of the

3

lessor, including "by disposing of the Vehicle in [a] commercially reasonable manner."  If the Residual Value was a prediction of wholesale value at the end of the lease, then often the Residual Value should be equal to or exceeded by the Realized Value if the vehicle remained in good condition.

    The proof of claim, however, gives no indication that there was an Early Termination.  Because the proof of claim refers to a deficiency balance to be amended when the vehicle is sold, I can only speculate that the proof of claim is based on an Early Termination or the prospect on the petition date that there might be an Early Termination, and that the lessor contemplated that it might rely on a sale to fix the Realized Value.  But if the debtor completed lease payments and only then surrendered the vehicle, there would be no Early Termination.

III

    U.S. Bank N.A. has not filed a response to the objection to its claim, nor has it amended its proof of claim to provide greater clarity as to the basis of its claim.  Even if that continues after proper service is made, the proof of claim includes the lease upon which it is based, and thus complies with Fed. R. Bankr. P. 3001(c).  It also complies with the other requirements of Rule 3001, and thus constitutes prima facie evidence of the validity and amount of the claim.  Fed. R. Bankr. P. 3001(f).

4

If U.S. Bank, N.A. does not defend against a renewed objection to its claim, the debtor may attempt to rebut the proof of claim by presenting evidence in affidavit form demonstrating that she did not engage in an Early Termination, that she paid the $395.00 Termination Fee, any amounts owed for Excess Wear or Excess Mileage, any "official fees and taxes due in connection with Lease termination," the monthly payments, and any other amounts (including late fees) owed under the lease.  She presumably has monthly statements from the lessor showing her payments and any charges assessed by the lessor, as well as canceled checks for any payments.  Alternatively, if there was an Early Termination, the debtor can attempt to present evidence demonstrating that she paid all amounts triggered by an Early Termination, and all other amounts owed under the lease.

IV

When no objection to claim is pending, the claim is allowed, and the trustee is required to treat it as such and make any payments to which the creditor is entitled as the holder of an allowed claim.  I will stay this order for 21 days to allow the debtor to re-file the objection to claim before the trustee commences making payments on the claim because no objection is pending.

V

It is thus

ORDERED that the debtor's objection to the claim of U.S. Bank N.A. is dismissed without prejudice to renewal.  It is further

ORDERED that this order is stayed for 21 days.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification;

U.S. Bank N.A.
P.O. Box 5229
Cincinnati, OH 45201